**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ADDISON WHITE** <br> 1725 Churchill Downs Rd. <br> Newark, Ohio 43055 <br><br> Plaintiff, <br><br> v. <br><br> **ASPLUNDH TREE EXPERT, LLC** <br> 5900 Refugee Rd. <br> Columbus, OH 43202 <br><br> c/o Agent: <br> CT Corporation System <br> 4400 Easton Commons Way, Ste. 125 <br> Columbus, OH 43219 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CASE NO. 2:21-cv-5118 <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br> **Jury Demand Endorsed Hereon** |

## COMPLAINT

NOW COMES Plaintiff Addison White ("Plaintiff") and proffers this Complaint for damages against Defendant Asplundh Tree Expert, LLC. ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Licking County, Ohio.

2. Defendant is a foreign limited liability company, conducting significant business in the Southern District of Ohio.

3. Plaintiff is an "eligible employee" as defined by the Family Medical Leave Act, 29 U.S.C. § 2611(2), the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA"), and by O.R.C. Chapter 4112.

4. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A). Defendant was engaged in commerce or an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

5. Defendant is an "employer" as defined by 42 U.S.C. §12101, *et seq.*, and by O.R.C. Chapter 4112.

## JURISDICTION AND VENUE

6. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

7. This action is brought pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq.*, ("ADA") and the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"). This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

8. Venue is proper pursuant to 28 U.S.C. §1391, because all of the events in question took place in the Southern District of Ohio.

9. This Complaint is being timely filed within 90 days of Plaintiff's receipt of Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. Plaintiff's Right to Sue is attached hereto as Exhibit A.

## FACTUAL BACKGROUND

10. Plaintiff was hired by Defendant on or about February 23, 2020.

11. Plaintiff suffers from depression, ADHD, and Generalized Anxiety Disorder, mental impairments under the Americans with Disabilities Act ("ADA") and the Ohio Revised Code § 4112.

12. Plaintiff was first diagnosed with depression on or about August 21, 2017.

13. Plaintiff's depression diagnosis has impacted aspects of his daily life, such as working and parenting.

14. Plaintiff has been hospitalized twice and institutionalized once in the past for his major depressive disorder. Sometimes Plaintiff struggles to get out of bed in the morning, and his marriage has also been greatly affected by his disability.

15. Accordingly, Plaintiff applied and was approved for STD leave for depression from January 25, 2021 to February 17, 2021, which totals at approximately three and a half weeks of leave.

16. Plaintiff's physician indicated on his STD application that Plaintiff experienced major impairments as a result of his depression, including difficulty in social, occupational, and family aspects.

17. On or about February 11, 2021, Plaintiff requested an extension of STD leave.

18. On April 8, 2021, he received an approval of the request to extend STD from February 18 to March 31, which indicated a return-to-work date of April 1, 2021.

19. On April 26, 2021, Plaintiff received a letter from STD administrator Baker Tilly Vantagen, stating that Plaintiff had been terminated on February 17, 2021, and that he qualified for COBRA benefits. That letter was Plaintiff's first time hearing about his termination.

20. Rather than notify Plaintiff that he was entitled to FMLA leave, Defendant approved his STD extension request and then terminated him at the end of it, backdating it to February 17th to look like Plaintiff had not met the 12-month employment requirement of FMLA.

21. Defendant made Plaintiff use STD leave so that he could take time off to treat his major depressive disorder. But Defendant failed to notify Plaintiff that he was entitled to FMLA leave, and Plaintiff was under the impression that STD leave was his only option, rather than job-protected leave.

## **COUNT I**
**Disability Discrimination – Americans with Disabilities Act**

22. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

23. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, *et seq.*, and as defined in 42 U.S.C. § 12101.

24. Plaintiff was otherwise qualified for the position, with or without a reasonable accommodation.

25. Defendant knew or had reason to know Plaintiff suffered from a disability because he applied for and was approved for STD leave for his disability.

26. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

27. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

29. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorneys' fees and costs.

## COUNT II
### Disability Discrimination – RC § 4112.02

30. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

31. At all times relevant herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16)(a)(i) of the Ohio Revised Code.

32. At all times relevant herein, Plaintiff was a qualified individual with a disability within the meaning of Section 4112.01(A)(13) of the Ohio Revised Code.

33. Defendant knew that Plaintiff was disabled or regarded him as disabled, as Defendant knew he applied for and was approved for STD leave for his disability.

34. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

35. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

37. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorneys' fees and costs.

## COUNT III
### Interference – Violation of the Family Medical Leave Act

38. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

39. Plaintiff became eligible for FMLA leave while he was on STD leave and before he was terminated.

40. Plaintiff was entitled to FMLA leave, as he suffers from a serious medical condition.

41. Defendant was notified that Plaintiff suffered from a serious medical condition that qualified him for FMLA leave because it was aware of Plaintiff's STD leave.

42. Defendant interfered with Plaintiff's FMLA rights by failing to offer Plaintiff leave to which he was entitled under the FMLA.

43. Defendant also interfered with Plaintiff's FMLA rights by failing to send him a Notice of FMLA Eligibility within five business days after it became aware that he might have an FMLA-qualifying medical condition.

44. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its discharge of Plaintiff.

45. There is no legitimate reason for Plaintiff's termination.

46. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel A. Sabo*

Rachel A. Sabo (0089226)
Jamie R. Bailey (0099789)
Peter G. Friedmann (0089293)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9757 (Phone)
614-737-9812 (Fax)
Rachel@thefriedmannfirm.com
Jamie@thefriedmannfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel A. Sabo*

                                                                                               _____
                                                                                                Rachel A. Sabo (0089226)